UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| RICHIE ELZANDER MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 21-171-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| A. ACREE and | ) | **MEMORANDUM OPINION** |
| LINDSAY THURSTON, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Richie Elzander Mayes has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

1

Mayes was confined at the Fayette County Detention Center when he filed his complaint [D. E. No. 1 at 1], but is no longer confined at the jail.[1]  Mayes complains that information on the warrant for his arrest incorrectly stated the date of the offense which provided the basis for the warrant.  [D. E. No. 1 at 2]  However, his complaint is hard to follow because he makes unexplained references to three different criminal cases.  With respect to one of them, he also complains that witnesses did not attend a preliminary hearing and contends that Kentucky law does not permit him to be prosecuted by uniform citation rather than a police report.  Mayes claims without explanation that he was arrested "unlawfully" by Officer Acree and detained "unlawfully" by presiding Judge Thurston.  *Id*. at 3.  For relief, Mayes seeks release from custody and monetary damages.  [D. E. No. 5 at 6][2]

Records from the Kentucky Court of Justice indicate that Mayes violated an emergency protective order / domestic violence order ("EPO/DVO") on February 12, 2021 and again on February 17, 2021.  Mayes was arrested on both charges on March 18, 2021, and five days later was found guilty and sentenced to 45 days in

---

[1]     See   https://jail.lexingtonky.gov/Query.aspx?OQ=f1c6dec3-959a-45d7-8619-f6d21a79d1fb (visited on August 30, 2021).

[2]     As a result of administrative error, the last page of Mayes's complaint was filed with his motion to proceed *in forma pauperis*.

jail in each case.[3]  The same jail term was imposed in an unrelated case for charges arising out shoplifting and drug possession.[4]  In the case about which Mayes appears to complain, on April 1, 2021, he was charged with felony stalking, violation of the EPO/DVO, and subsequently with contempt of court.  The stalking charge was amended down to making harassing communications, and on July 6, 2021, Mayes was found guilty of that offense and violating the EPO/DVO.[5]

Two procedural matters warrant dismissal of Mayes's complaint without prejudice.  First, Mayes has not kept the Court apprised of his mailing address.  This is required by the Court's Local Rules, LR 5.2(e), and Mayes was advised of this obligation at the outset of the case.  [D. E. No. 7]  The address on file for Mayes is no longer correct, and the Court therefore lacks any means to contact him.  This is sufficient to warrant dismissal of his complaint without prejudice for failure to

---

[3]  See  https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=21-M-1194&caseTypeCode=MI&client_id=0 and  https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=21-M-01195&caseTypeCode=MI&client_id=0 (visited on August 30, 2021).

[4]  See  https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=21-F-0808&caseTypeCode=FE&client_id=0 (visited on August 30, 2021).

[5]  See  https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=21-F-0954&caseTypeCode=FE&client_id=0 (visited on August 30, 2021).

prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Cf. Wodarski v. Kenton Co. Det. Ctr.*, No 19-5248 (6th Cir. Sep 06, 2019).

Second, Mayes may not obtain the relief he seeks through the present action. To obtain his release from custody, Mayes must be file a habeas corpus proceeding challenging his detention, not a civil rights action. *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). And he may not sue for damages asserting that his arrest amounted to false imprisonment until he has obtained the reversal of the underlying criminal charges. *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Mayes's complaint is therefore premature until he has satisfied this condition precedent to suit.

Accordingly, it is **ORDERED** as follows:

1.     Plaintiff Richie Mayes's complaint [D. E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2.     Mayes's "Motion to Dismiss" [D. E. No. 6] is **DENIED AS MOOT.**

3.     This matter is **STRICKEN** from the active docket.

This 2nd day of September, 2021.



**Signed By:**

*Henry R Wilhoit Jr.*

**United States District Judge**